*469 MEMORANDUM **
The parties are familiar with the facts of this case, so we do not repeat them here.
The district court granted summary judgment to Harrah’s, finding that Gray did not submit “specific and substantial evidence” on which a reasonable jury could find that Harrah’s racially discriminated against him. We affirm.
Once Harrah’s proffered neutral, nondiscriminatory reasons for terminating Gray, the burden shifted to Gray to show the reasons were a pretext for discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Gray failed to meet this burden. Gray’s evidence that Vice President of Casino Operations Richard Thacker was biased was conjectural and nonspecific. Likewise, regardless of whether Gray actually interfered with a law enforcement investigation, his superiors believed he did. See also Nidds v. Schindler Elevator Corp., 113 F.3d 912, 918 (9th Cir.1997) (compatible reasons for adverse employment decision are not necessarily shifting reasons and are insufficient to raise a genuine issue of fact as to pretext).
“A non-movant’s bald assertions or a mere scintilla of evidence are both insufficient to withstand summary judgment.” FTC v. Stefanchik, 559 F.3d 924, 929 (9th Cir.2009). Gray failed to rebut Harrah’s proffered neutral reasons for terminating him, so the district court did not err in granting summary judgment.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.